Briar Siljander (SBN 338293)
TRIO LAW PLC
376 Beach Farm Cir. #1269
Highland, MI 48356
(248) 529-6730
briar@triolawplc.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| HYOUMIN CHAE<br><br>  Plaintiff,<br><br>  vs.<br><br>JAEWOOK HA<br><br>  Defendant. | Case No: 2:25-cv-5550<br><br>**COMPLAINT**<br><br>**AND DEMAND FOR JURY TRIAL** |

Plaintiff HYOUMIN CHAE by and through his counsel, Trio Law PLC, for his Complaint against Defendant JAEWOOK HA alleges as follows:

## THE PARTIES

1. Plaintiff Hyoumin Chae ("Chae") is an individual domiciled in Troy, Michigan.

2. Defendant Jaewook Ha ("Defendant") is an individual domiciled in Los Angeles, California.

## JURISDICTION AND VENUE

1

3. Plaintiff incorporates the allegations contained in the preceding paragraphs as if fully restated herein.

4. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), because this is a civil action between a citizen of Michigan and a citizen of California.

5. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant resides in this district and under 28 U.S.C. § 1391(b)(2) because the acts giving rise to the claims in this case arose in this district.

## FACTUAL ALLEGATIONS

6. Plaintiff realleges and incorporates all preceding and subsequent allegations set forth in this Complaint.

7. Defendant offered and sold franchises under the name Mochinut through Mochinut Franchise, Inc. ("Franchisor"), and Mochinut, Inc. ("Mochinut").

8. Defendant is, and was at all times during the events described in this Complaint, the founder, sole owner, and Chief Executive Officer of Franchisor and Mochinut.

9. Franchisor and Mochinut disclosed to the California Department of Financial Protection and Innovation ("DFPI") that Mochinut had sold three master licenses, 28 licenses, and 29 sublicenses for franchises of Mochinut in California, including seven franchises sold to Plaintiff in the following cities: Newport Beach, Long Beach, Mission Viejo, Temecula, Chino Hills,

Murrieta and Santa Ana.

10. Franchisor and Mochinut volunteered to the DFPI that "entering into the master license and license agreements with the licensees are franchise activities, and as such, constitute a violation of the franchise laws." Franchisor and Mochinut admitted they had not registered to sell franchises as required by the California Franchise Investment Law, ("CFIL"). *Ex. 1, Application for Registration of Notice of Violation by Mochinut Franchise, Inc.*

11. The DFPI and Mochinut confirmed, in a Consent Order signed by Defendant, that "[f]rom June 11, 2020 to August 26, 2022, Mochinut entered into twenty-eight (28) written agreements entitled 'License Agreement' that constitute franchise offerings and sales in California. Mochinut was not registered to offer or sell franchises under the FIL and was not exempt from registration under Corporations Code section 31110." *Ex. 2, Consent Order dated May 10, 2023* ("2023 Consent Order") ¶ C.

12. The DFPI and Mochinut confirmed in the 2023 Consent Order that, "[f]rom December 17, 2020 to May 21, 2021, Mochinut entered into three (3) written agreements entitled 'Trademark License Agreement' that constitute subfranchise offerings and sales in California. Mochinut was not registered to offer or sell subfranchises under the FIL and was not exempt from registration under Corporations Code section 31110." *Id.* ¶ D.

13. Mochinut "agree[d] with the Commissioner's findings" of violations of the CFIL resulting from these illegally-sold franchises, franchises sold when the franchise offering was not registered in California. *Id.* ¶ H.

14. Mochinut agreed to pay a $50,000 penalty to the DFPI and for Defendant to undergo remedial education.

15. Mochinut was also ordered to offer rescission to all franchisees, including Plaintiff.

16. The DFPI entered into a *second* Consent Order dated April 1, 2025, again signed by Defendant, to which Franchisor and Mochinut were parties. *Ex. 3, Second Consent Order*.

17. In the Second Consent Order, the DFPI issued a citation against Franchisor and Mochinut, determining that they "did not keep and maintain a complete set of books, records and accounts of their sales, in violation of section 31150 [of the CFIL]." *Second Consent Order* ¶ I.I.

18. The DFPI further found that Franchisor made untrue statements of material fact and willful omissions in documents filed with the DFPI.

19. Franchisor and Mochinut were ordered to pay a fine of $20,000, and to hire a California franchise law attorney to act as an independent monitor to ensure compliance with the CFIL.

20. On approximately June 14, 2022, Defendant provided a Master Franchise Agreement to Plaintiff (the "MFA").

21. The MFA was executed on June 21, 2022.

22. The MFA is an agreement for the sale of franchise rights.

23. At the time the franchise rights in the MFA were sold,

24. Prior to execution of the MFA to Plaintiff, neither Defendant, Franchisor, nor Mochinut provided any franchise disclosure document or otherwise made the disclosures required by Section 8 of the Michigan Franchise Investment Law, MCL 445.1501 *et seq*. ("MFIL") and Section 31119 of the California Franchise Investment Law, Cal. Corp. Code § 31000 *et seq*. ("CFIL").

25. Prior to execution of the MFA, Defendant failed to provide the notice required by MFIL Section 8 to Plaintiff.

26. Franchisor was not registered to sell franchises in California at the time the MFA was executed.

## COUNT I

### VIOLATION OF THE MICHIGAN FRANCHISE INVESTMENT LAW: FAILURE TO PROVIDE FRANCHISE DISCLOSURE STATEMENT

27. Plaintiff realleges and incorporates all preceding and subsequent allegations set forth in this Complaint.

28. Section 8 of the MFIL required Franchisor to provide a franchise disclosure statement to Plaintiff prior to execution of the MFA.

29. Franchisor failed to provide the required statement to Plaintiff prior to execution of the MFA.

30. Pursuant to Section 31 of the MFIL, Plaintiff is entitled to rescission of the MFA and Defendant is liable to Plaintiff for damages with interest at 12% per year plus reasonable attorney fees and court costs.

31. As of the date of this Complaint, Plaintiff has lost more than $880,000 as a result of the improper franchise sale.

32. Defendant is a principal executive officer of Mochinut Franchise, Inc., and materially aided in the offer and sale of the franchise in violation of the MFIL; as such, Defendant is jointly and severally liable under Section 32 of the MFIL.

## COUNT II

### VIOLATION OF MICHIGAN FRANCHISE INVESTMENT LAW: FAILURE TO PROVIDE REQUIRED NOTICE

33. Plaintiff realleges and incorporates all preceding and subsequent allegations set forth in this Complaint.

34. Section 8 of the MFIL required Mochinut Franchise, Inc. to provide a specific notice to Plaintiff prior to the sale of the Mochinut franchise.

35. Franchisor failed to provide the notice required under Section 8 of the MFIL.

36. Pursuant to Section 31 of the MFIL, Plaintiff is entitled to rescission of the

37. MFA and Defendant is liable to Plaintiff for damages with interest at 12% per year plus reasonable attorney fees and court costs.

37. As of the date of this Complaint, Plaintiff has lost more than $880,000 as a result of the improper franchise sale.

38. Defendant is a principal executive officer of Mochinut Franchise, Inc., and materially aided in the offer and sale of the franchise in violation of the MFIL; as such, Defendant is jointly and severally liable under Section 32 of the MFIL.

### COUNT III

### VIOLATION OF CALIFORNIA FRANCHISE INVESTMENT LAW: <u>FAILURE TO PROVIDE FRANCHISE DISCLOSURE DOCUMENT</u>

39. Plaintiff realleges and incorporates all preceding and subsequent allegations set forth in this Complaint.

40. Section 31119 of the CFIL makes it unlawful to sell a franchise without providing to the prospective franchisee, at least fourteen days before execution of a franchise or other agreement, or at least 14 days before receipt of consideration, an FDD that complies with FTC Franchise Rule, 16 C.F.R. § 436 and 437 (2025) (the "FTC Franchise Rule").

41. Defendant and Franchisor offered and sold the Mochinut franchise rights to Plaintiff without first providing an FDD in violation of CFIL Section 31119.

42. Pursuant to CFIL § 31302, Defendant, as the director, principal executive officer, and controlling person of Franchisor, and one who materially aided in the act or transaction that constituted a violation under the CFIL, is jointly and severally liable for the CFIL violations described above.

43. Plaintiff is entitled to rescission and damages in the amount of at least $880,000 plus statutory interest, attorney fees, and costs.

## COUNT IV

### VIOLATION OF CALIFORNIA FRANCHISE INVESTMENT LAW: FAILURE TO REGISTER FRANCHISE OFFERING

44. Plaintiff realleges and incorporates all preceding and subsequent allegations set forth in this Complaint.

45. CFIL Section 31110 makes it "unlawful for any person to offer or sell any franchise in this state unless the offer of the franchise has been registered" with the DFPI.

46. Defendant offered and sold Mochinut franchise rights to Plaintiff at a time when the franchise offering was not registered with the DFPI.

47. Defendant's conduct is a violation of the CFIL.

48. Furthermore, pursuant to CFIL § 31302, Defendant, as the director, principal executive officer, and controlling person of Franchisor, and one who materially aided in the act or transaction that constituted a violation under the CFIL, is jointly and severally liable for the CFIL violations

described above.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Find that Defendant violated the MFIL and that Plaintiff is entitled to rescission, and enter judgment in favor of Plaintiff and against Defendant, in the amount of $880,000 plus 12% interest per year from June 21, 2022, through October 31, 2024, for a total of $1,168,646.25, as provided by the MFIL, as well as attorney fees and costs;

B. Find that Defendant violated the CFIL by failing to register its franchise offering before offering and selling a franchise to Plaintiff and by failing to provide an FDD to Plaintiff before entering into the MFA with Plaintiff, and that Plaintiff is therefore entitled to rescission and damages, with judgment entered in favor of Plaintiff and against Defendant, in the amount of $880,000 plus statutory interest, as well as attorney fees and costs; and

C. Award such other relief as the Court deems just.

Dated: June 18, 2025

**TRIO LAW PLC**

By: /s/ Briar Siljander
Briar Siljander (SBN 338293)
TRIO LAW PLC
376 Beach Farm Cir. #1269
Highland, MI 48356
(248) 529-6730
briar@triolawplc.com
Attorneys for Plaintiff

9

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable pursuant to the Federal Rules of Civil Procedure.

Dated: June 18, 2025

**TRIO LAW PLC**

By: /s/ Briar Siljander
Briar Siljander (SBN 338293)
TRIO LAW PLC
376 Beach Farm Cir. #1269
Highland, MI 48356
(248) 529-6730
briar@triolawplc.com
Attorneys for Plaintiff